UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL NO.: H-4:18-cr-00306 |
| | § | |
| JUAN MONTOYA-PALACIOS, and | § | |
| | § | |
| ISAEL JUAN-PEREZ, | § | |
| | § | |
| Defendants. | § | |

## STIPULATION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now the United States of America, by and through the United States Attorney for the Southern District of Texas, and Defendants, Juan Montoya-Palacios ("Montoya-Palacios") through his counsel, Amr Adnan Ahmed, and Isael Juan-Perez ("Juan-Perez") through his counsel Anuj Arun Shah, and hereby submit the following stipulation:

WHEREAS, there are certain alien witnesses, Richard Viera Dos Santos (Brazil), Kristian Ariel Zapet-Alvarado (Guatemala), and Jose Juan Lopez-Hernandez (Guatemala), (collectively "witnesses"), in this case.

WHEREAS, the witnesses wish to return to their home countries of Guatemala and Brazil.

WHEREAS, the United States wishes to return the witnesses to their home country.

WHEREAS, Depositions of the witnesses are scheduled in June, 2018 at the United States Federal Courthouse, 515 Rusk Avenue, Houston, Texas 77002. Defendants do not wish to depose the witnesses and voluntarily waive their right to do so.

Consequently, the United States and Defendants (after having conferred with his counsel)

1

wish to enter into the following stipulation:

1. Defendants stipulate and agrees the witnesses are aliens and citizens of the Guatemala, except for Richard Viera Dos Santos, who is a citizen of Brazil, who illegally entered the United States by crossing the Rio Grande River at a time and place other than as designated by immigration officials for the entry of immigrants into the United States prior May 7, 2018. The statements made by the Witnesses as contained in their sworn affidavits as well as documented in the case agent's Reports of Investigation of the Witnesses, all given in discovery, are admissible at the trial of this case. The testimony from the preliminary hearings in this case are also incorporated by reference as part of the stipulation.

2. On or about May 7, 2018, Defendants were arrested in the Southern District of Texas for Concealing, Harboring, Shielding from Detection, Attempted to Conceal, Harbor and Shield from Detection, and Conspiring to Conceal, Harbor and Shield from Detection Undocumented Aliens for commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (B)(i).

3. Material witness Dos Santos will testify that he and his family agreed to pay a "Brazilian coyote" he knew as "Anderson" $20,000 to have him illegally transported from Brazil to Massachusetts; however Anderson later changed the price to $43,000. Part of that transportation included being harbored at Defendants' residence at 314 Hill Road, Trailer 5, Houston, Texas, which he arrived at on May 4, 2018. He will further testify that he took a plane from Brazil to Cancun on March 27, 2018. He then illegally entered the United States through the Rio Grande River and made it through the checkpoint in a van before being taken to Defendants' residence. Dos Santos will further testify that Defendant Montoya-Palacios was the "coyote on the cellular." Specifically,

2

Defendant Montoya-Palacios called Dos Santos' family and Anderson and Anderson told the family that he wanted the money. Anderson also stated that Dos Santos could not leave until the remainder of $43,000 was paid and he wanted the money as soon as possible. Defendant Montoya-Palacios also gave Dos Santos the phone to speak with Anderson. Dos Santos will further testify that Defendant Juan-Perez was the "coyote" who "took people." Dos Santos will testify he saw "a lot" of people go through the house and that Defendant Juan-Perez would come to the room in which they were staying, say "pronto," and then take aliens in a truck to a different location.

4. Material witness Zapet-Alvarado will testify that he was smuggled illegally into the United States from Guatemala and part of that smuggling included staying at Defendants' residence at 314 Hill Road, Trailer 5, Houston, Texas, for two days. He will further testify that he had never been to the United States before, crossed the Rio Grande River on a boat 15 days before he was apprehended, walked around the Border Patrol checkpoint,t and was then taken to Houston in a truck carrying a total of ten people (five were in the bed and five were in the cab). He will further testify that all of them were brought to Defendants' residence and some had already left the house. Zapet Alvarado indicated that both Defendants brought them food.

5. Material witness Lopez-Hernandez will testify that his family agreed to pay smugglers approximately $5,200 to have him transported illegally from Guatemala to Florida and that they were to pay $4,700 when he arrived in Houston and an additional $500 when he arrived in Florida. Part of that transportation included staying at Defendants' residence at 314 Hill Road, Trailer 5, Houston, Texas. He will further testify that he left Guatemala over twenty-five days before he was apprehended, remained in Mexico for approximately 20 days with five other undocumented aliens, and then one day he and another undocumented alien were taken across the Rio Grande River on a raft. He will further testify that they were then taken by two guides to a stash house in the Rio Grande Valley. He was then taken to several other stash houses. Then, he and

other undocumented aliens were taken by a truck to the "brush" and were led around the checkpoint until they were picked up by another truck and then taken to Houston. He arrived at Defendants' residence on or about April 3 or 4, 2018. He will further testify that Defendant Juan-Perez called Lopez-Hernandez' father and told him to pay $4,700 and an addition $500 when he arrived in Florida.

6. The witnesses will also testify that they were housed by Defendants at 314 Hill Road, Trailer 5, Houston, Texas as part of their payments to be smuggled into or within the United States. All of the witnesses will also testify that they positively identified Defendants as the two individuals from a six-person photo array as the two individuals who harbored, concealed and shielded them from detection and assisted in making arrangements for their transportation to that location and from that location to other locations further within the United States.

7. The witnesses will testify that they were not threatened by Defendants and did not observe any firearms being possessed by Defendants. The witnesses will also testify that Defendants did not deprive them of their clothes, shoes or identifications, and did not physically prevent them from leaving the location. The witnesses will also testify that they never attempted to leave the location such that Defendants prevented them from so doing.

8. The witnesses will testify that the location had two bedrooms and that they stayed in and utilized one of the bedrooms (as did other smuggled aliens) while Defendants stayed in and utilized the other bedroom.

9. The incident occurred within the Southern District of Texas.

10. Defendants stipulate and agree the witnesses may be released to their home countries.

11. Defendants recognizes they are henceforth giving up any rights they may have to confront these witnesses even if they may later change his mind and wish to depose the witnesses.

Defendants, through their attorneys, and the United States Attorney's Office for the Southern District of Texas indicate their acceptance of the above stipulation and agreement by their signatures affixed below.

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: _____
Adam Laurence Goldman
Assistant United States Attorney

_____
JUAN MONTOYA-PALACIOS
Defendant

_____
AMR ADNAN AHMED (ALK)
Defendant's counsel

_____
ISAEL JUAN-PEREZ
Defendant

_____
ANUJ ARUN SHAH
Defendant's counsel

Signed and entered on this _____ day of _____, 2018.

_____
THE HONORABLE VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE